## Raskin v. Bloom

Before Schaeffer, Jr. and Eshelman, *JJ.*

*Robert Auchenbask*, for plaintiff.
*Harold Blumberg*, for defendant.

ESHELMAN, *J.*, October 31, 1978—Plaintiff, in the provisions of an amended complaint pertinent to this argument, alleges that defendant executed a promissory note payable to plaintiff in the capacity of an endorser, which note was in the principal amount of $15,000 and dated December 22, 1972. Plaintiff alleges further that demand was made for payment on June 28, 1977. Defendant filed an answer with new matter alleging, inter alia, that plaintiff had failed to timely present the note for payment to defendant as required by the Uniform Commercial Code of April 6, 1953, P.L. 3, and plaintiff's failure to present the note is not excused by the provisions of the code. Plaintiff filed an answer to defendant's new matter stating that there was no due date on the note and that therefore the note became a demand note and was not due until demand was made. Defendant filed a motion for judgment on the pleadings.

The issue before the court therefore is as to whether or not the promissory note in the case is a time instrument or a demand instrument.

The note is a pre-printed form with blank spaces appearing throughout the printed matter. In one of the blank spaces near the top of the note the words "On Feb. 20/1973" were handwritten followed by the printed words "after date." Read together the words "On Feb. 20/1973 after date . . . " are susceptible to two different interpretations. First the words could mean that on February 20, 1973 (a date which is after December 22, 1972) defendant will pay the principal sum plus interest to plaintiff. Second, the words in question could also mean that the note is payable *after* February 20, 1973. If the first interpretation is accepted, then the note is payable

on a date certain, viz.: February 20, 1973. The second interpretation, however, is only possible if the printed words "after date" are allowed to contradict the written word "on."

The Uniform Commercial Code sets forth the rules of construction applicable to negotiable instruments. Section 3-118(b) reads in part: "Handwritten terms control typewritten and printed terms." It follows that the handwritten words "On Feb. 20/1973" control and take precedence over the printed words "after date." The ambiguity is therefore resolved in favor of the fact that the note is payable on a date certain, viz.: Feb. 20/1973.

Section 3-109 sets forth the definition of a time instrument: "(1) An instrument is payable at a definite time if by its terms it is payable (a) on or before a stated date." Since the written words "On Feb. 20/1973" indicate a definite time on which the principal sum is due, we conclude that the note in question is a time instrument. Pursuant to the Uniform Commercial Code, sec. 3-501(2)(a), after the note was dishonored by the maker plaintiff was required to give notice of said dishonor to defendant in order to charge him as an endorser. While presentment and notice of dishonor may be waived under section 3-511, this section is not applicable to the facts in the present case. The time for presentment is determined by section 3-503(1)(c) of the code wherein it is stated: "[W]here an instrument shows the date on which it is payable, presentment for payment is due on that date." Section 3-508(2) allows plaintiff three additional days in which to present the instrument.

The note was due and payable on February 20, 1973. Plaintiff did not present the note to the maker

for payment until June 20, 1977. This was approximately four years and four months after the due date. We find that plaintiff's failure to present the note to the maker in timely fashion as required by the code perforce discharged defendant as an endorser. See Uniform Commercial Code, sec. 3-502(1)(a).

For reasons set forth above defendant's motion for judgment on the pleadings is granted and count 1 of plaintiff's amended complaint is hereby dismissed.

## ORDER

And now, October 31, 1978, defendant's motion for judgment on the pleadings is granted and count 1 of plaintiff's amended complaint is hereby dismissed.